UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER SCHROEKENTHALER BOUDREAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BART KING; UNITED STATES FIRE ) <br> INSURANCE CO.; FAIRMONT SPECIALTY ) <br> INSURANCE MANAGERS, INC.; THE GROUP ) <br> AND BLANKET ACCIDENT & HEALTH ) <br> INSURANCE TRUST; INTERNATIONAL ) <br> ASSOCIATION OF BENEFITS; UNITED ) <br> BENEFITS OF AMERICA, LLC; and CRUM & ) <br> FORSTER, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 09 C 7438 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Heather Schroekenthaler Boudreau, filed a Complaint against Bart King; United States Fire Insurance Co. ("U.S. Fire");[1] Fairmont Specialty Insurance Managers, Inc. ("Fairmont"); The Group and Blanket Accident & Health Insurance Trust (the "Trust"); International Association of Benefits ("IAB"); United Benefits of America, LLC ("United Benefits"); and Crum & Forster. Before the Court are U.S. Fire and the Trust's Motion to Dismiss Counts II and IV of Boudreau's Complaint and IAB's Motion for Judgment on the Pleadings.

---

[1] Although Boudreau names U.S. Fire in her case caption, she refers to "United States Farmers Insurance Co." in her Complaint. In her briefs, she refers to U.S. Fire. Presumably, the references to "Farmers" in Boudreau's Complaint are intended to be U.S. Fire.

## BACKGROUND

In 2000, Boudreau was diagnosed with a variable immune deficiency disease, for which the treatment is infusions every four weeks. (Compl. ¶ 12.) Before May 2007, Boudreau was insured with Wisconsin Sheet Metal Workers International Association. (*Id.* ¶ 11.) In May 2007, Boudreau graduated from Madison Area Technical College and was placed on a Consolidated Omnibus Budget Reconciliation Act ("COBRA") policy through Wisconsin Sheet Metal Workers. (*Id.*) Boudreau started looking for other major medical insurance coverage and eventually came into contact with IAB and King. (*Id.* ¶ 13.) Boudreau had several phone conversations with King in which she advised him that she currently had a COBRA policy and that she had been diagnosed with a variable immune deficiency disease that required infusions every four weeks. (*Id.* ¶ 15.) Boudreau told King that she needed an insurance policy that would provide coverage for comprehensive medical insurance, including treatment of her preexisting condition. (*Id.*) King represented to Boudreau that the policy he was selling to her would cover all of Boudreau's needs, including her preexisting condition. (*Id.* ¶ 17.)

Boudreau purchased the policy based on King's representations and canceled her COBRA policy. But King actually sold Boudreau a limited benefit plan that did not provide coverage for preexisting conditions or medical or hospital expenses. (*Id.*) In February 2008, Boudreau consulted with a doctor to arrange for infusions but was advised that instead of medical insurance, she had an insurance discount plan. (*Id.* ¶ 20.) Boudreau did not receive the infusions and developed bronchitis and pneumonia and

required hospitalization. (*Id.*) Boudreau was not able to continue her employment, and in order to maintain her health, Boudreau had to pay out-of-pocket expenses. (*Id.* ¶ 21.)

Boudreau filed her Complaint on November 30, 2009. She served U.S. Fire, the Trust, and IAB with summons on December 1, 2009. Boudreau has not served King, Fairmont, United Benefits, or Crum & Forster with a summons. On February 22, 2011, Boudreau submitted answers to U.S. Fire and the Trust's interrogatories and IAB's interrogatories, which are attached to U.S. Fire and the Trust's Motion to Dismiss. (Dkt. No. 26, Ex. A, B.) Discovery closed on June 13, 2011. (Dkt. No. 24.) Boudreau did not issue any discovery to the Defendants.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

3

alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

"If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996). Under Fed. R. Civ. P. 56(c), summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." In determining such a motion, the court must view the evidence in the light most favorable to the non moving party and draw all reasonable inferences in the non moving party's favor. *Gillis v. Litscher*, 468 F.3d 488, 492 (7th Cir. 2006).

## ANALYSIS

*U.S. Fire and the Trust's Motion to Dismiss Counts II and IV*

U.S. Fire and the Trust move to dismiss Counts II and IV of Boudreau's Complaint, which are both entitled "Action Pursuant to Common Law." In support of their motion, U.S. Fire and the Trust have attached Boudreau's answers to interrogatories. Given that U.S. Fire and the Trust urge the Court to consider materials outside the scope of the pleadings, the proper course is to convert the moving Defendants' motion into a motion for summary judgment and consider the parties' submitted materials. *See* Fed. R. Civ. P. 12(d). The parties have all had a reasonable opportunity to submit pertinent

material, and Boudreau has raised no meritorious objection in her response; therefore, the moving Defendants' Motion to Dismiss is converted to a motion for summary judgment.[2]

Counts II and IV of Boudreau's Complaint, which incorporate Count I, allege only that U.S. Fire and the Trust "knew or should have known of the training practices and telemarketing of IAB and United Benefits that included false and/or misleading statements to sell benefits." (Compl. ¶¶ 22, 24.)[3] Count I alleges only that King made false representations to Boudreau, upon which she relied when she purchased what she was led to believe was a comprehensive medical insurance plan. (*Id.* ¶¶ 1-21.) While each Count of Boudreau's Complaint is generically titled "Action Pursuant to Common Law," Boudreau's allegations in Count II and IV appear to be based on fraud.

Boudreau's answers to U.S. Fire and the Trust's interrogatories, however, reveal that Boudreau cannot, under any circumstances, state a cause of action against U.S. Fire and Trust based on fraud. In Count I, Boudreau alleges that "King represented himself to be an agent of all Defendants" and that she "purchased a policy based upon the representations of the Defendants." (*Id.* ¶¶ 14, 18.)

In Interrogatory No. 3, Boudreau was asked to describe what representations King made to her. Boudreau answered, "Bart King told me that he worked for Blue Cross Blue Shield." (Dkt. No. 26, Ex. A at 2.) In Interrogatory Nos. 4 and 5, Boudreau

---

[2] Boudreau, in her response, claims U.S. Fire and the Trust have submitted no affidavits or other evidence that there is no relationship between King and U.S. Fire and the Trust. However, as will be discussed below, Boudreau's answers to U.S. Fire and the Trust's interrogatories obviate any factual dispute on this issue.

[3] Boudreau has made a typographical error. Six separate paragraphs are labeled paragraph number 22. Although there is no paragraph numbered 24, the Court refers to the paragraph that should have been numbered 24.

was asked to identify each and every contact she had with a person thought to be a representative of U.S. Fire or the Trust. Boudreau answered, "None." (Compl. ¶ 3.) Furthermore, Boudreau admits in her written discovery answers that King never represented himself to be an agent of U.S. Fire or the Trust. (*Id.* at 4.) When asked what the factual basis is for her contention that King was an agent of U.S. Fire or the Trust, Boudreau answered, "None." (*Id.* at 4.) Boudreau admits that the only fact she has to support her allegations against U.S. Fire and the Trust is that the policy she purchased was underwritten by U.S. Fire and the Trust. (*Id.* at 4-5.) Discovery has long since closed, and Boudreau chose not to issue any discovery from the time she filed her Complaint on November 30, 2009, and the close of discovery on June 13, 2011. Therefore, even if Boudreau could submit proof of this alleged fact (which she has not), she has not pointed to any other argument or evidence to support a fraud claim. Notably, Boudreau fails to address the implication of her interrogatory answers cited by U.S. Fire and the Trust.

Instead, Boudreau conclusively asserts that "the Complaint does set forth the facts of the misrepresentative[sic] of all Defendants." The Complaint only alleges that "Defendant knowingly allowed its employee and/or agent, including Bart King, to make false and/or untrue statements to the Plaintiff." (Resp. at 2.) Boudreau's attempt to recharacterize her Complaint fails – nowhere in her Complaint does Boudreau make any such allegations. Furthermore, Boudreau's argument is defeated by her admissions that King did not represent himself to be an agent of either U.S. Fire or the Trust and that she had no contact with any representatives of U.S. Fire or the Trust. Boudreau's admissions

demonstrate that there is nothing linking U.S. Fire or the Trust to her allegations that King made false representations. Consequently, there are no set of facts that could entitle Boudreau to relief. *Cf. Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006) ("A complaint should only be dismissed if there is no set of facts, even hypothesized, that could entitle a plaintiff to relief."); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 495 (7th Cir. 2005) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.").

*IAB's Motion for Judgment on the Pleadings*

IAB moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) as to Count V, arguing that Boudreau has failed to state a claim for common-law fraud and civil conspiracy against IAB. A Rule 12(c) motion for judgment on the pleadings permits a party to move for judgment after both the plaintiff's complaint and the defendant's answer have been filed. Fed. R. Civ. P. 12(c); *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). Federal Rule of Civil Procedure 12(h)(2) specifically allows a party to argue that the plaintiff has "fail[ed] to state a claim upon which relief can be granted" through the vehicle of a motion under Rule 12(c). A court should grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved. *Id.* at 718-719. Rule 12(c) motions are reviewed under the same standard as Rule 12(b)(6) motions to dismiss. *Piscotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

7

Boudreau alleges that IAB "knowingly allowed employees and/or agents, including Bart King, to make false and/or untrue statements concerning the sale of benefits to consumers, including Plaintiff." (Compl. ¶ 25.) Boudreau's claim appears to be based on fraud. The only other specific reference to IAB is in Count I, which is directed at King, where Boudreau alleges that she "came into contact with Defendants IAB and King." (*Id.* ¶ 13.) Boudreau also pleads general allegations against all "Defendants" discussed above. (*Id.* ¶¶ 18, 19.)

To state a cause of action for common-law fraud, a complaint must state: "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 496, (1996). Construing Boudreau's Complaint in the light most favorable to her, she has at best pled the threadbare recitals of the elements of a fraud claim. But this is not enough to survive a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). Boudreau fails to assert any facts in support of her claim and certainly does not meet the heightened pleading standard for fraud claims set by Fed. R. Civ. P. 9(b). Consequently, Count V is dismissed without prejudice. *Id.* (holding that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Because Count V is dismissed, IAB's

arguments regarding Boudreau's purported conspiracy allegations are not addressed. (Br. at 7.)

## CONCLUSION

For the reasons set forth above, U.S. Fire and the Trust's Motion to Dismiss Counts II and IV [25, 26], which was converted to a Motion for Summary Judgment, is granted with prejudice. As these were the only counts asserted against U.S. Fire and the Trust, these Defendants are terminated. IAB's motion for judgment on the pleadings [30, 31] is granted. Count V is dismissed without prejudice. Boudreau may file an amended complaint as to IAB within 14 days of the date of this Opinion and Order if she can do so within the requirements of Fed. R. Civ. P. 11, particularly bearing in mind Boudreau's answers to U.S. Fire and the Trust's Interrogatory No. 3 discussed above.

Date: August 23, 2011

JOHN W. DARRAH
United States District Court Judge